Theodore O. Bartholow, III ("Thad")
BARTHOLOW & BARTHOLOW
TX Bar No. 24062602
11300 N. Central Expwy. Suite 301
Dallas, TX 75243
Phone/fax: 972-739-5255
ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: Federico Guevara, III and Herlinda Guevara <br><br>Debtors | § § § § § | Ch13 Case No. 07-32604-HDH13 |
| Federico Guevara, III and Herlinda Guevara <br><br>PLAINTIFFS <br><br>v. <br><br>Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc. its Assigns and/or Successors in Interest <br>DEFENDANT(S) | § § § § § § § § § § § § § § § § § | Adv. Proc. No. _____ |

### COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING FOR UNAUTHORIZED AND IMPROPER CHARGES; FOR DETERMINATION OF VALIDITY, PRIORITY AND EXTENT OF LIEN AND FOR DETERMINATION OF CLAIM AMOUNT

COME NOW the Debtors/ Plaintiffs (hereinafter referred to as "Plaintiffs"), by and through their attorney of record, Bartholow & Bartholow, and file this Complaint Seeking Damages in a Core Adversary Proceeding for Unauthorized and Improper Charges; for Determination of Validity, Priority, and Extent of Lien, and for Determination of Claim Amount, and state:

## Introduction

1. This is an action for actual and punitive damages filed by the Plaintiffs pursuant to Sections 105, 362, 501, 502, 503, and 506 of the Bankruptcy Code, and Rules 2016, 3001, 3007, and 7001 of the Bankruptcy Rules; the Fair Debt Collection Practices Act 15 U.S.C. Section 1692 et seq. ("FDCPA"); the Real Estate Settlement and Procedures Act, Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X ("RESPA"); the Texas Debt Collection Act, Tex. Fin. Code Ann. 391.001 et seq. ("TDCA") to recover statutory damages, actual damages, punitive damages, reasonable attorneys' fees and costs.

2. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

3. This is also an action to determine the nature (including validity, priority and extent of lien) and amount of the claim asserted by Defendant, Wells Fargo Bank, NA , Successor by Merger to Wells Fargo Home Mortgage Inc., its Assigns and/or Successors in Interest (hereinafter, "Defendant" or "Wells Fargo") against Plaintiffs and their homestead.

4. Plaintiffs reserve the right to amend this Complaint, upon Court approval, should new allegations arise in the course of discovery.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and relates to the

above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

6. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

7. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act ("FDCPA") violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

8. The Plaintiffs are informed and believe that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding, then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

9. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

10. The Plaintiffs in this case are Debtors under Chapter 13 of the United States Code in case number 07-32604-HDH-13, which case is presently pending before this court.

11. The Defendant, Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc., its assigns and successors in interest (collectively, "Wells

Fargo"), is/are foreign corporation(s) duly organized and existing under the laws of the State of California.

12. Wells Fargo may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## Allegations of Fact

13. The Plaintiffs' Chapter 13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on June 4, 2007.

14. Plaintiffs owe a disputed amount to an unknown holder of a loan secured by a mortgage on their residential real estate. To the best of their knowledge, information and belief, said loan is serviced by Wells Fargo.

15. Plaintiffs believe and therefore allege that the true holder and owner of their mortgage note is an unknown securitized trust.

16. The loan is secured by a Deed of Trust granting a security interest in Plaintiffs' principal residence located at 6301 Bramble Creek Ct., Arlington, Texas 76001(Plaintiffs' "home"). Plaintiffs estimate that the fair market value of their home is at least $185,000.

17. Before Plaintiffs filed their Chapter 13 Petition in this case, Wells Fargo had posted Plaintiffs' home for foreclosure on at least two separate occasions (at least two different sale dates).

Force-Placed Hazard Insurance

18. At all times from the inception of the loan evidenced by the Note to present, Plaintiffs have maintained their own homeowners'/hazard insurance policy for the subject property without any lapse.

19. Notwithstanding the foregoing, prior to the petition date, Wells Fargo purchased "force-placed" hazard insurance for the Plaintiffs' home on more than one occasion while the property was already insured by the homeowners'/ hazard insurance policy purchased by Plaintiffs.

20. Plaintiffs believe and therefore allege that subsequent to the petition date, Wells Fargo has purchased force-placed insurance for the Plaintiffs' home despite the fact that Plaintiffs already had a valid homeowners'/hazard insurance policy in place.

21. Plaintiffs are informed and believe and therefore allege that at all times before and after the petition date, Wells Fargo knew that Plaintiffs had a valid homeowners'/hazard insurance policy in place for their home.

22. Plaintiffs elected, pursuant to their mortgage documents, to pay homeowners'/hazard insurance and property taxes directly and did not create an escrow account to pay said expenses through their mortgage servicer.

23. Plaintiffs failed to timely pay property taxes on their homestead for 2004; Plaintiffs' property taxes for 2004 totaled $4,885.15 - before penalty and interest.

Property Taxes / Escrow Account

24. On February 10, 2005, the Tarrant County Tax Assessor-Collector sent Plaintiffs a "2004 Tax Statement" (annexed hereto as Exhibit "__"), which provided that Plaintffs' 2004 tax liability (including penalty and interest) would increase by $97.70 each month it remained unpaid, and would therefore be $5,227.12 if paid before March 2005; $5,324.82 if paid before April 2005; $5,422.52 if paid before May 2005; $5,520.22 if paid before June 2005, and $5,617.93 if paid before July 2005.

25. On May 13, 2005, Plaintiffs made a $1000.00 payment toward their 2004 property taxes. On May 17, 2005, the Tarrant County Tax Assessor-Collector sent Plaintiffs a receipt for this $1000.00 payment, which indicated a "remaining amount due as of 5/17/2005" of $4,520.21.

26. Plaintiffs are informed and believe and therefore allege that on July 8, 2005, Defendant disbursed two payments totaling $5,528.52 ((1) in the amount of $4,000.20, and (2) in the amount of $1,528.52) to the Tarrant County Tax Assessor-Collector on behalf of Plaintiffs, purportedly as payment for Plaintiffs' 2004 property taxes. These payments by Defendant were reflected on Plaintiffs' July 18, 2005 "Monthly Mortgage Statement" as follows:

| 07/08 | COUNTY TAX PMT | $4,000.20- | $4,000.20- |
| 07/08 | MISC DISBURSE | $1,528.53- | $1,528.53 |

27. Plaintiffs did not owe $5,528.52 for their 2004 property taxes on July 8, 2005. The most Plaintiffs' property tax liability should have increased between May 17, 2005 and July 8, 2005 would be $195.40 ($97.70 x 2), bringing the balance from Plaintiffs'

6

2004 taxes as of July 8, 2005 to $4,715.61 ($4520.21 + 195.40). Accordingly, Wells Fargo overcharged Plaintiffs by $812.91 for the 2004 property taxes before Wells Fargo even began adding escrow charges to Plaintiffs' monthly mortgage payment to collect the funds advanced for the 2004 property taxes.

28. Wells Fargo sent Plaintiffs "Monthly Mortgage Statement[s]" in July and August of 2005, which listed an escrow balance of -$5,528.73, but did not indicate any change in Plaintiffs' monthly mortgage payment amount.

29. Wells Fargo sent Plaintiffs an "Escrow Disclosure Statement and Notice of New Mortgage Payment" dated July 12, 2005, which indicates a $1,242.00 increase in Plaintiffs monthly mortgage payment, effective October 1, 2005, from $1012.94 to $2,253.94:

```
New Payment Effective Date:        10/01/05

                        Current Monthly    New Monthly
                           Payment           Payment

Principal &
Interest                   1,012.94          1,012.94
Escrow                         0.00            407.10
Prorated Shortage                               833.90
Total Payment             $1,012.94         $2,253.94
```

If you use our automatic payment option, your monthly deduction will be changed automatically.

**Low Point Summary**

*Your Allowable Low Point is the amount allowed by the Real Estate Settlement Procedures Act (RESPA), your mortgage loan documents, or by state law, if applicable.*

```
Projected Low Point               9,192.58-
Allowable Low Point                 814.20

Escrow Shortage                 $10,006.78
(Divided by 12 Months)              833.90
```

**Anticipated Escrow Disbursements**

Items to be paid from your escrow account:

```
COUNTY TAX                        4,885.15
Total Disbursement(s):           $4,885.15

Monthly Escrow Deposit.            $407.10
```

Your Monthly Deposit was calculated by dividing the Total Disbursement(s) by 12.

30. Wells Fargo sent Plaintiffs a "Monthly Mortgage Statement" dated September 14, 2005, which informed Plaintiffs of a $573.88 increase in their monthly mortgage payment, effective October 1, 2005, from $1012.94 (principal and interest only) to $1,586.82:

```
Summary                                              Property Address
                                                     6301 BRAMBLE CREEK CT
Payment (Principal and/or Interest, Escrow)  $1,586.82  ARLINGTON TX 76001
Optional Product(s)                          $    .00   Unpaid Principal Balance    $142,608.69
Current Monthly Payment                      $1,586.82  (Contact Customer Service for your payoff balance)
Overdue Payments                             $    .00   Interest Rate                    7.125%
Unpaid Late Charge(s)                        $    .00   Interest Paid Year-to-Date    $7,664.14
Other Charges                                $    .00   Taxes Paid Year-to-Date       $4,000.20
                                                        Escrow Balance                $5,528.73-
TOTAL PAYMENT DUE 10/01/05                   $1,586.82

Activity Since Your Last Statement                                Late
Date  Description       Total       Principal   Interest  Escrow  Charge    Other
09/14 PAYMENT          $1,012.94    $165.22     $847.72
```

31. Plaintiffs are informed and believe and therefore allege that, in addition to including inflated escrow charges for property taxes in Plaintiffs' monthly mortgage payment, Wells Fargo also included charges for force-placed hazard insurance in Plaintiffs' monthly mortgage payment.

32. Plaintiffs' bankruptcy schedules list Wells Fargo as a secured creditor having an arrearage claim in the amount of $10,000.

Wells Fargo's Proof of Claim / Double and Triple-Dipping on Escrow Arrears

33. Wells Fargo filed a "Secured" Proof of Claim ("POC") in Plaintiffs' case on June 25, 2007, but did not attach sufficient and/or legible documents to evidence a perfected lien or security interest in property of the Debtor's estate as required by Bankruptcy Rule 3001(a)-(d).

34. Wells Fargo's POC asserts a secured claim against Debtors' homestead, and alleges the following:

   a. Principal Balance: $140,189.91;

9

    b. Contract interest rate: 7.125%

    c. Number of payments in arrears: 7 from 12/1/2006 through 6/1/2007

    d. Monthly payment amount: $1,591.35

    e. "Allowable Charges:"

        i. Post-Petition Bankruptcy Atty. Fees & Costs: $250.00

        ii. Uncoll. Late Charges: $101.30

        iii. Escrow Adv / Shortage: $6,041.36

        iv. NSF Fees: $0

        v. Inspection Fees: $0.00

        vi. Accrued Late Charges: $0

        vii. Pre-Petition Atty. Fees: $1033.08

        viii. Property Preservation: $30.00

        ix. Total Allowable Charges: $7,455.74

        x. Total Arrearage Claim: $18,595.19

35. Wells Fargo's POC includes interest, fees, or other charges which are unreasonable and/or unauthorized by law or the agreement between the parties; the claim should be disallowed to the extent it contains unreasonable or unauthorized interest, fees, or other charges. Wells Fargo has failed to provide any documentation for the Post-petition "Bankruptcy Atty Fees & Costs", "Uncoll. Late Charges", "Escrow Adv/ Shortage", or "Pre-Petition Atty Fees" itemized in the "Arrearage Detail" attached to Wells Fargo's POC; debtors object to each of the foregoing and demand specific proof thereof.

36. Plaintiffs are also informed and believe and therefore allege that the alleged

"post-petition bankruptcy atty. fees & costs" included in the POC are not reasonable or necessary, are not supported by time and expenses records, and have been claimed in violation of Section 506(b) of the Code and Rule 2016(a) of the Bankruptcy Rules.

37. Further, Wells Fargo's POC impermissibly seeks a "double-dip" by attempting to collect both the escrow portion of the alleged seven missed payments and asserting a separate claim for escrow arrears.

38. Plaintiffs are informed and believe and therefore allege that this "double dip" by Wells Fargo is done knowingly, repeatedly in thousands of bankruptcy cases nationwide, and with actual intent to defraud.

39. Moreover, Plaintiffs are informed and believe and therefore allege that Wells Fargo is not just double-dipping, but it is also ***triple dipping***: in addition to the mortgage arrears / escrow shortage "double dip" in the POC, Wells Fargo continued to charge escrow for pre-petition (2007) property taxes as part of the Plaintiffs post-petition monthly mortgage payments. Wells Fargo's inclusion of pre-petition taxes in the Plaintiffs' post-petition mortgage payments constitutes an improper demand for payment.

Lack of Standing

40. The only supporting documentation attached to Wells Fargo's POC (other than the arrearage detail sheet, which Plaintiffs allege on information and belief was created by Wells Fargo's outside counsel or an agent for Wells Fargo's outside counsel) is a "DEED OF TRUST" dated March 1, 2001, naming "Lone Star Realty Investments" as the lender and beneficiary, and which does not contain any evidence that it has been assigned or otherwise transferred to any other entity.

11

41. No promissory note was attached to the Wells Fargo POC.

42. No servicing agreement was attached to the Wells Fargo POC.

43. Schedule D filed by Plaintiffs in connection with their Chapter 13 Case lists "Wells Fargo Home Mtg." as a creditor holding a claim secured by Plaintiffs' homestead in the amount of $140,189, and provides for an arrearage claim in the amount of $10,000, also owed to "Wells Fargo Home Mtg.".

44. Plaintiffs' bankruptcy schedules include a debt in the amount of $140,189 owed to "Wells Fargo Home Mtg.". Debtors based this amount on information contained in Debtors' credit report, which Plaintiffs believe and therefore allege, was furnished to the credit reporting bureaus by Wells Fargo.

45. On August 22, 2007, Wells Fargo filed an "Objection to Confirmation of Debtor's Chapter 13 Plan", in which Wells Fargo alleged, among other things:

    a. Defendant is a secured creditor;

    b. A "Note and Lien" executed by debtors was assigned to Defendant;

    c. The contract interest rate is 7.125%;

    d. Plaintiffs' proposed plan proposes paying interest on arrears at 7.5%;

    e. Plaintiffs' plan "fails to pay interest on the arrearage pursuant to the terms of the Note and Deed of Trust and the Supreme Court holding in Nobleman v. American Savings Bank, 113 S. Ct. 2106 (1993) and the Fifth Circuit holding In re Cabrera, 99 F.3d 684 (5th Cir. 1996). (It is unclear why Defendant objected to receiving interest through the Plan at a rate that is greater than that provided under the Note.)

46. The only documents attached to Defendant's Objection to Confirmation were the Proof of Claim and Deed of Trust; the Note was not attached.

47. To date, Defendant has failed to produce the Note in connection with Plaintiffs' Chapter 13 case.

48. Plaintiffs' Chapter 13 Plan was confirmed by order of this Court entered September 10, 2007.

49. As of June 24, 2008, Plaintiffs are current on their Chapter 13 Plan payments, and Defendant has received distributions from the Trustee totaling $956.50.

50. Plaintiffs allege that even though they have continuously maintained insurance coverage on their home from the loan's inception to date, and have listed this expense on Schedule J filed with this Court, Defendant nonetheless has repeatedly purchased force-placed hazard insurance and charged same to their account – both pre- and post-petition.

51. Plaintiffs have been and continue to be damaged by the Defendant's actions in that they have been and continue to be forced to expend their time and expenses toward the prosecution of this contested matter and have feared and continue to fear losing their homestead as a result of Defendant's actions.

52. Plaintiffs believe and therefore allege that both pre- and post-petition, Defendant has held Plaintiffs monthly mortgage payments in suspense accounts and applied these funds, or a portion thereof, to pay force-placed insurance premiums when Plaintiffs already had their own hazard insurance in place.

53. Wells Fargo's proof of claim is padded with illegal charges, designed to extract additional and substantial profits from the servicing of the debtors' mortgage loan and from the property of this bankruptcy estate to the detriment of the debtors and unsecured creditors with filed and allowed claims.

54. Plaintiffs seek a Declaratory Judgment on the facts of this case and request the Court to enjoin the Defendant from engaging in the conduct complained of herein, to award damages and legal fees to the Plaintiff, including punitive damages, and for such other and further relief as the Court may deem just and proper.

## First Claim for Relief
### (Sections 105 and 506 of Title 11 of the United States Code)

55. The allegations in paragraphs 1 through 54 of this complaint are realleged and incorporated herein by this reference.

56. The actions of Defendant – in failing to properly service the loan and in charging to Plaintiffs' account fees which have not been approved by the bankruptcy court pursuant to Section 506(b) and Rule 2016 – constitute a willful or negligent violation of Defendant's duties to Plaintiff.

57. As a result of the above actions, Defendant is liable to Plaintiff for actual damages, punitive damages, and legal fees.

## Second Claim for Relief
### (Improper and Unauthorized Fees)

58. The allegations in paragraphs 1 through 57 of this complaint are realleged and incorporated herein by this reference.

59. The Plaintiffs allege, on information and belief, that the actions alleged herein are acts in violation of Section 506 of Title 11 of the United States Code as the bankruptcy-related fees charged by the Defendant were not part of the underlying agreement by and between the holder of the loan and the Plaintiff, and the fees and costs are otherwise unreasonable and excessive.

60. As a result of the above violation, Defendant is liable to Plaintiffs for actual

damages, punitive damages, and legal fees.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

61. The allegations in paragraphs 1 through 60 of this complaint are realleged and incorporated herein by this reference.

62. Defendant is a debt collector subject to the Fair Debt Collection Practices Act 15 U.S.C. 1692 et. seq. ("FDCPA").

63. Plaintiffs are consumers for purposes of the FDCPA.

64. Defendant has violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15. U.S.C. 1692d. Defendant has demanded an amount due from Plaintiffs that is inaccurate and inflated, and in violation of any contract between the parties. As such, Defendant has violated Section 1692e and Section 1692f of the FDCPA.

64. Wells Fargo is liable to Plaintiffs under the FDCPA in an amount equal to Plaintiffs' actual damages, statutory damages of up to $1,000.00, and attorneys' fees.

### Fourth Claim for Relief
### (Violation of the Automatic Stay)

65. The allegations in paragraphs 1 through 63 of this complaint are realleged and incorporated herein by this reference.

66. The actions of the Defendants in causing improper demands for payment to be sent to the debtors, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

67. As a result of the above violations of 11 U.S.C. Section 362, the Defendants

15

are liable to the Plaintiffs for actual damages, punitive damages and legal fees.

## Fifth Claim for Relief
### (Violation of the Texas Debt Collection Act (Tex. Fin. Code Ann. 391.001 et seq.)

68. The allegations in paragraphs 1 through 67 of this complaint are realleged and incorporated herein by this reference.

69. Plaintiffs are consumers for purposes of the Texas Debt Collection Act ("TDCA").

70. Defendant is a debt collector for purposes of the TDCA.

71. Plaintiffs demand specific proof that, as a debt collector, Defendant has posted a bond in accordance with the requirements of TDCA 392.101.

72. Wells Fargo violated §§ 392.301, 392.302 and 392.304 of the TDCA by filing the POC in this case, which misrepresents the amount owed by Plaintiffs.

73. Wells Fargo violated §§ 392.301, 392.302 and 392.304 of the TDCA by overcharging Plaintiffs for property taxes.

74. Wells Fargo violated §§ 392.301, 392.302 and 392.304 of the TDCA by charging Plaintiffs for force-placed hazard insurance when Plaintiffs already had a valid insurance policy in effect for the property.

75. By attempting to collect a pre-petition obligation (2007 property taxes) after the filing of Plaintiffs' bankruptcy petition, in violation of 11 U.S.C. §362, Wells Fargo violated §§392.301, 392.302 and 392.304 of the TDCA.

76. By virtue of the foregoing, Plaintiffs have suffered economic and non-economic damages and incurred attorneys' fees in prosecuting the instant suit.

77. Wells Fargo's violation of the TDCA is also a violation of the Texas Deceptive Trade Practices Act (Tex. Bus. & Comm. Code Ann. 17.50(h) "DTPA"), and Plaintiffs

seek any and all other damages available thereunder.

## Sixth Claim for Relief
### (11 U.S.C. §502 - Declaratory Judgment that Wells Fargo's Alleged Lien is Void)

78. The allegations in paragraphs 1 through 77 of this complaint are realleged and incorporated herein by this reference.

79. The POC and other documents produced by Wells Fargo fail to establish that Wells Fargo holds a valid security interest in Plaintiffs' homestead.

80. To the extent that the Court finds that Wells Fargo's claim is not secured by a lien against Plaintiffs' homestead, Plaintiffs seek a declaratory judgment that Wells Fargo's alleged lien is void under 11 U.S.C. §502.

## Seventh Claim for Relief
### (11 U.S.C. §502 - Determination of Claim Amount)

81. The allegations in paragraphs 1 through 80 of this complaint are realleged and incorporated herein by this reference.

82. Plaintiffs seek a determination of the proper amount of Defendant's arrearage claim, if any, to be paid through Plaintiffs' Chapter 13 Plan.

83. Plaintiffs seek a determination of the proper amount of pre-petition principal and interest, if any, owed to Defendant.

84. Plaintiffs seek a determination of the proper amount of all other fees, charges and other amounts, if any, claimed by Defendant to be due and owing on the Plaintiffs' mortgage loan.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

    A.    That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of the Texas Debt Collection Act;

F. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA;

G. That this Court enter a Declaratory Judgment that Defendant's alleged lien on Plaintiffs' homestead is void;

H. That the underlying debt claimed by Defendant be forever canceled and discharged; and

I. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated this the 2nd Day of July, 2008.

Respectfully Submitted,

/s/ Theodore O. Bartholow, III ("Thad")
Theodore O. Bartholow, III ("Thad")
TX Bar No. 24062602
11300 N. Central Expwy. Suite 301
Dallas, TX 75243
Phone/fax: 972-739-5255
Thad@BBBankruptcy.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint for Damages has been served by me on this the 2nd day of July, 2008, on the parties listed below by the method indicated:

<u>VIA FIRST CLASS MAIL & REGISTERED MAIL, RETURN RECEIPT REQUESTED</u>

Wells Fargo Bank, N.A.
c/o Corporation Service Company
d/b/a CSC-Lawyers Incorporating Service Company
701 Brazos Street, Suite 1050,
Austin, TX 78701

Wells Fargo Bank, NA
Yvonne Ramirez-Browning
Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Dr, Ste 280
Diamond Bar, CA 91765-2435

Barrett Daffin Frappier Turner & Engel, L.L.P.
1900 St. James Place, Suite 500
Houston, TX 77056

<u>VIA ECF / EMAIL</u>

Mary A. Daffin      ndecf@bbwcdf.com

Thomas Dwain Powers      cmecf@dallasch13.com

UST U.S. Trustee      ustpregion06.da.ecf@usdoj.gov, albert.loftus@usdoj.gov

Abbey Marie Ulsh      abbeyu@bbwcdf.com

By: /s/Theodore O. Bartholow, III ("Thad")