NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*United States Bankruptcy Judge*

Signed December 22, 2009

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREDERICO GUEVARA, III and | § | Case No. 07-32604-HDH-13 |
| HERELINDA GUEVARA , | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| FREDERICO GUEVARA, III and | § | |
| HERELINDA GUEVARA , | § | |
| | § | |
| Plaintiffs. | § | |
| v. | § | Adversary No. 08-03191 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON SUMMARY JUDGMENT MOTIONS

Plaintiffs and Defendant filed cross motions for summary judgment. The parties appeared for a hearing on the motions on November 12, 2009. After the hearing, the Court took the motions under advisement for further consideration. After consideration, the Court finds that the Plaintiffs'

partial motion for summary judgment should be granted in part, and the Defendants' partial motion for summary judgment should be denied.

**Summary Judgment Standard**

Summary judgment is proper if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial burden of articulating the basis for its motion and identifying evidence, which shows that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. at 322; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Material issues are those that could affect the outcome of the action. *Wyatt v. Hunt Plywood, Co. Inc.,* 297 F.3d 405, 409 (5th Cir. 2002).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* , 475 U.S. 574, 586-87 (1986); *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1046-47 (5th Cir.1996). The burden is on the non-movant to make a showing sufficient to establish an issue of fact for each element as to which that party will have the burden of proof at trial. *Epps v. NCNB Texas Nat'l Bank,* 838 F.Supp. 296, 299 (N.D. Tex.1993), *aff'd* 7 F.3d 44 (5th Cir.1993) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The nonmovant's burden may not be satisfied by conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, metaphysical doubts as to the facts, or a mere scintilla of evidence; and legalistic arguments are not adequate substitutes for specific facts

showing that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586-87; *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993); *Wallace,* 80 F.3d at 1047.

The court must draw inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), revised on other grounds upon denial of reh'g, 70 F.3d 26 (1995); *see also Wallace,* 80 F.3d at 1048; *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum,* 66 F.3d at 92. Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**Application To The Present Motions**

The present proceeding before the Court presents an unusual factual situation. This adversary proceeding was filed by the Plaintiffs on July 2, 2008, seeking damages for improper charges of fees and escrow amounts, to determine the extent of Defendant's lien, and for other related causes of action under the Fair Debt Collection Practices Act ("FDCPA"), the Deceptive Trade Practices Act ("DTPA"), and the Texas Debt Collection Act ("DCA"). These causes of action were joined with an objection to the claim filed by Defendant in the main bankruptcy case.

Prior to filing the summary judgment motions Plaintiffs and Defendant had reached an agreement on what formerly were some of the major issues in the adversary proceeding, relating to alleged overcharges of insurance and property taxes, and Plaintiffs agreed to amend the Complaint to remove such allegations and any causes of action based on such allegations.

In the current partial motion for summary judgment, Plaintiffs seek summary judgment: "(1) disallowing Defendant's Proof of Claim in its entirety on the ground that Defendant is not Plaintiffs' creditor and has wholly failed to carry its burden of proof as to any alleged authority to service any debt on behalf of any creditor of the Plaintiffs; (2) determining that certain late fees and inspection fees charged to Plaintiffs' mortgage account and/or paid from Plaintiffs' funds by Defendant pre- and post-petition were and are unauthorized and/or improper, and (3) that as a consequence of (1) and (2), Defendant is liable to Plaintiffs under the DCA, DTPA, FDCPA, and is subject such other remedies as the Court deems necessary and proper under §105 of the Code."

On June 25, 2007, Defendant filed a Proof of Claim in Plaintiffs' bankruptcy case naming Defendant as the creditor, and attaching a breakdown of fees and charges and attached an unrecorded copy of the Deed of Trust securing the Plaintiffs' homestead. Both pre and post-petition, Defendant claimed to be the owner of the note.

In April of 2009, after receiving an inquiry from Defendants' counsel about information from Freddie Mac's website that shows either Freddie Mac to be the owner or to hold the note in trust for another group of investors, Defendant amended its discovery responses to state that it is not the owner of the note, but the servicer and holder of the note for Freddie Mac. However; Defendant has produced no pooling and servicing agreement that shows its relationship to Freddie Mac, even though requested to do so by Plaintiffs through discovery in this proceeding. Defendant did produce

a verification by Ms. Tamara Savery, who lacks any personal knowledge on this issue, on behalf of Defendant, as well as what appears to be a picture of a computer screen image from Defendant's database that lists Defendant as servicer; and some other schedules and an unsigned document that includes Plaintiffs' loan number.

Defendant's failure to properly document its proof of claim filed in the Plaintiffs' bankruptcy case strips it of its *prima facie* validity. *See In re Armstrong,* 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005). Thus, the burden shifts to the Defendant to prove its claim by a preponderance of the evidence. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). The Defendant also bears the burden to show a genuine issue of fact precluding summary judgment in the present motion. *See Epps v. NCNB Texas Nat'l Bank,* 838 F.Supp. 296, 299 (N.D. Tex.1993), *aff'd* 7 F.3d 44 (5th Cir.1993).

Here, as a threshold matter, Wells Fargo must show that it is either the owner, holder[1] or servicer of the note with authority of the owner to file a proof of claim on the owner's behalf. *See In re Conde Dedonato*, 391 B.R. 247 (Bankr. E.D.N.Y. 2008); *see also In re Eads*, 417 B.R. 728 Bankr. E.D. Tex. 2009; *In re* Nosek, 386 B.R. 374, 380 (Bankr. D. Mass. 2008). During the course of this proceeding Defendant has stated that it is not the owner, and although it argues it is the servicer with standing to pursue the proof of claim on file for Freddie Mac, it has not put any competent summary judgment evidence on this point to carry its burden of proof.

---

[1] As defined by the UCC (with respect to a negotiable instrument, "holder" means the person in possession if the instrument is payable to bearer, or in the case of an instrument payable to an identified person, if the identified person is in possession). Defendant argued at the hearing on the summary judgment motions that it "held" the note for Freddie Mac; however it is not produce evidence that it is a true holder or owner of the note, and possession of the deed of trust alone is insufficient. *See In re Hernandez*, 2009 WL 4639645 (December 7, 2009) (citing *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex.App.–Houston [14th Dist.] 1994, no writ)

**Order on Summary Judgment Motions** **Page 5**

Since Defendant has not carried its burden to establish that it has standing to pursue its claim in the bankruptcy case, the Court must disallow its proof of claim as filed. All other relief requested in the motions is denied and the non-bankruptcy causes of action as well as the requested attorney's fees and other damages must await trial.

It is **SO ORDERED**.

###End of Order###