NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



The following constitutes the ruling of the court and has the force and effect therein described.

Signed February 11, 2010

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>FREDERICO GUEVARA, III and<br>HERELINDA GUEVARA,<br><br>Debtors. | § § § § § § § | Case No. 07-32604-HDH-13 |
| FREDERICO GUEVARA, III and<br>HERELINDA GUEVARA,<br><br>Plaintiffs.<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | § § § § § § § § § § § | Adversary No. 08-03191 |

### ORDER ON DEFENDANT'S SUMMARY JUDGMENT MOTION

Defendant, Wells Fargo Bank, N. A., filed a motion for summary judgment on December 11, 2009, (the "Motion") and the Plaintiffs responded. The parties appeared for a hearing on the Motion on February 8, 2010. After the hearing, the Court took the Motion under advisement for further consideration. After consideration, the Court finds that the Motion should be granted in part.

**Order on Defendant's Summary Judgment Motion**  Page 1

**Summary Judgment Standard**

Summary judgment is proper if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial burden of articulating the basis for its motion and identifying evidence, which shows that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. at 322; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Material issues are those that could affect the outcome of the action. *Wyatt v. Hunt Plywood, Co. Inc.,* 297 F.3d 405, 409 (5th Cir. 2002).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1046-47 (5th Cir.1996). The burden is on the non-movant to make a showing sufficient to establish an issue of fact for each element as to which that party will have the burden of proof at trial. *Epps v. NCNB Texas Nat'l Bank,* 838 F.Supp. 296, 299 (N.D. Tex.1993), *aff'd* 7 F.3d 44 (5th Cir.1993) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The nonmovant's burden may not be satisfied by conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, metaphysical doubts as to the facts, or a mere scintilla of evidence; and legalistic arguments are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586-87; *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993); *Wallace,* 80 F.3d at 1047.

The court must draw inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), revised on other grounds upon denial of reh'g, 70 F.3d 26 (1995); *see also Wallace,* 80 F.3d at 1048; *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum,* 66 F.3d at 92. Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**Application To The Present Motions**

At the hearing on the Motion, Defendant withdrew its summary judgment motion as to counts 6 and 7 in the Complaint, because of the Court's prior ruling sustaining the Plaintiffs' objection to its proof of claim. Also, Defendant withdrew its motion as to counts 1, 2 and 4 because it had determined that the Plaintiffs had responded with sufficient summary judgement evidence to raise an issue of fact. Therefore, as amended at the hearing, the Motion is limited to Counts 3 and 5 in the Complaint–which relate to the Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"). After consideration, the Court finds that the Motion should be granted as to those counts.

As to count 5, the allegations of violations of the TDCA in the Complaint are based on: (1) Defendant's misrepresentations in its proof of claim; (2) overcharging for property taxes pre-petition; and (3) charging Plaintiffs for force-placed hazard insurance when Plaintiffs already had a valid insurance policy in effect for the property. As this proceeding has progressed, the Plaintiffs have dropped their claims for improper property tax and insurance calculations by Defendant, leaving the alleged misrepresentations in the proof of claim. As to Count 3, the allegations of violations of the FDCPA in the Complaint are based solely on the proof of claim filed by Defendant.

After reviewing the cases presented by the parties at the hearing, the Court finds that those submitted by the Plaintiffs are distinguishable in that the violations were alleged to have occurred outside the normal proof of claim context and instead represent situations where there has been a violation of the discharge injunction or the automatic stay as well as a violation of the FDCPA. *See Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004); *see also Rogers v. B-Real, L.L.C. (In re Rogers)*, 391 B.R. 317 (Bankr. M.D. La. 2008). Outside of this context, the remedy for an objection to a proof of claim lies solely under the Bankruptcy Code. *B-Real, LLC v. Rogers (In re Rogers)*, 405 B.R. 428, 434 (M.D. La. 2009); *Simmons v. Roundup Funding, LLC*, 2009 WL 3049586 *4 (S.D.N.Y. Sept. 23, 2009).

Therefore, it is

**ORDERED** that the Motion is granted as to Counts 3 and 5 of the Complaint.

###End of Order###