ARMSTRONG KELLETT BARTHOLOW P.C.

Theodore O. Bartholow, III ("Thad")
TX Bar No. 24062602
11300 N Central Expwy. Ste. 301
Dallas, TX 75243
Tel/Fax: (214) 696-9000; (214) 696-9001
Thad@akbpc.com
ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In Re: FEDERICO GEUVARA, III | § | |
| HERLINDA GUEVARA | § | |
| | § | |
| Plaintiffs | § | Bankruptcy Case No. 07-32604-13 |
| | § | |
| | § | |
| | § | |
| FEDERICO GEUVARA, III | § | |
| HERLINDA GUEVARA | § | |
| | § | |
| | § | |
| vs. | § | Adversary Proceeding No. 08-03191 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSORS BY MERGER TO | § | |
| WELLS FARGO HOME | § | |
| MORTGAGE, INC., ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST | § | |

**PLAINTIFFS' MOTION TO EXCLUDE WITNESS, MOTION IN LIMINE,
OR IN THE ALTERNATIVE, MOTION TO COMPEL EXPEDITED DEPOSITION**

COME NOW Federico and Herlinda Guevara, Plaintiffs, and file this their Motion to

Exclude Witness, Motion in Limine, or, in the Alternative, Motion to Compel Expedited

Deposition, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, as made

applicable herein through Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure,

and in support hereof would show the Court:

***Background / Case History***

1.      Plaintiffs initiated the instant Adversary Proceeding by filing their Complaint with this Court on July 2, 2008.

2.      On July 8, 2008, the Court issued its standard Scheduling Order for the case, setting deadlines for discovery, pretrial disclosures and other events related to the proceedings in this case.

3.      On August 7, 2008, Wells Fargo filed a Motion to Dismiss, which was denied by the Court by Order entered September 19, 2008.

4.      On October 30, 2008, the Court entered an Order approving the parties' Agreed Scheduling Order, which provided for discovery to be completed 45 days before the then-scheduled docket call.

5.      In 2009, the parties propounded and responded to discovery requests, including interrogatories and requests for production served by Plaintiffs and Wells Fargo to one another.

6.      After receiving Wells Fargo's initial responses to Plaintiffs' Interrogatories and Requests for Production in April of 2009, Plaintiffs immediately sought to disqualify Mark Alfieri as counsel for Wells Fargo and noticed his deposition based on representations contained in Wells Fargo's responses regarding Mr. Alfieri's possession of material evidence prior to the filing of the instant Adversary Proceeding.

7.      Wells Fargo subsequently filed a Motion for Protective Order with the Court that was resolved without a hearing after Wells Fargo amended its discovery responses, completely altering its positions on the issues of the ownership and servicing of Plaintiffs' mortgage loan from those taken in its original responses to Plaintiffs' Interrogatories and Requests for

Production.

8.        On May 7, 2009, the parties filed an Agreed Motion to Continue Docket Call with the Court, seeking a sixty day extension of the deadlines in the Agreed Scheduling Order, which was granted by Order entered May 20, 2009.

9.        On June 26, 2009, the parties filed a Second Agreed Motion to Continue Docket Call, seeking an additional sixty day extension of the deadlines in the Agreed Scheduling Order, which was granted by Order entered June 30, 2009.

10.       On July 15, 2009, Plaintiffs deposed Wells Fargo's corporate representative, Tamara Savery, who executed the verification of both the original and amended Responses to Plaintiffs' Interrogatories.  The deposition of Ms. Savery included a near line-by-line review of the payment history for Plaintiffs' mortgage loan from its inception through the last date of the payment history produced by Wells Fargo.  The deposition was attended, via telephone, by Wells Fargo's in-house counsel John Grissom, who did not otherwise participate in the deposition.

11.       On September 11, 2009, Plaintiffs filed a Motion for Partial Summary Judgment, seeking, among other things, disallowance of Wells Fargo's Proof of Claim based on Wells Fargo's failure to prove its status as a creditor of the Plaintiffs.  Plaintiffs' Motion for Partial Summary Judgment was set for hearing on November 12, 2009.

12.       On October 1, 2009, with Plaintiffs' consent, Wells Fargo filed an Agreed Motion to extend its deadline to respond to Plaintiffs' Motion for Partial Summary Judgment, seeking an additional week to respond, which was granted by Order entered October 5, 2009.

13.       On October 7, 2009, Wells Fargo filed its Response (and related pleadings) to Plaintiffs' Motion for Partial Summary Judgment.

14.       On October 8, 2009, without leave of Court or Plaintiffs' consent, Wells Fargo filed a

Motion for Partial Summary Judgment, which was also set for hearing on November 12, 2009. Attached as Exhibits to Wells Fargo's brief in support of Summary Judgment were the affidavits of Mark Alfieri and Wells Fargo's representative, Tamara Savery.

15.      On October 27, 2009, the Court continued Docket Call in this case for a third time, to November 25, 2009, as an accommodation to the parties.

16.      The Court held a hearing on Plaintiffs' and Wells Fargo's motions for partial summary judgment on November 12, 2009, taking the issues raised in the motions under advisement.

17.      While the motions for summary judgment were still under consideration by the Court, the parties once more asked the Court to move Trial Docket Call, and the Court continued Trial Docket Call, for the fourth time, to January 25, 2010.

18.      Once again without leave of Court or the consent of the Plaintiffs, Wells Fargo filed another Motion for Summary Judgment on December 11, 2009, seeking Summary Judgment as to all of Plaintiffs' causes of action.

19.      On December 23, 2009, the Court entered its Order granting (in part) Plaintiff's Motion for Partial Summary Judgment, which disallowed Wells Fargo's Proof of Claim.

20.      On January 11, 2010, with Plaintiffs' consent, Wells Fargo filed its Agreed Motion to Extend Time for Defendant to Appeal … Pursuant to Bankruptcy Rule 8002(c)(2).

21.      On January 20, 2010, with Wells Fargo's Motion for Summary Judgment and Wells Fargo's appeal pending, the parties again requested a thirty day extension of docket call and the deadlines in the Agreed Scheduling Order, and a fifth extension of the docket call was granted by Order entered January 22, 2010, and amended by the Order entered on January 25, 2010.

22.      On February 10, 2010, with the appeal and Wells Fargo's Motion for Summary

Judgment pending, the parties again filed an Agreed Motion to Continue Docket Call, seeking to continue docket call in this case to April 19, 2010, and a sixth extension of the Docket Call was granted by Order entered on February 19, 2010, setting docket call for April 19, 2010.

23.        After 4:00pm on Friday, March 5, 2010, the last day of discovery under the Agreed Scheduling Order, after moving the deadlines in this case six times, Wells Fargo served Plaintiffs with their "Rule 26(a) and (e) Disclosures", which designated a previously undisclosed witness for Wells Fargo, Erin Hirzel Roesch.

24.        Plaintiffs' counsel was in Philadelphia for a deposition in another case on the afternoon of Friday, March 5, 2010 and did not learn of Wells Fargo's "designation" of Ms. Hirzel Roesch until Saturday, March 6, 2010.

25.        On Monday, March 8, 2010, Plaintiffs' counsel contacted counsel for Wells Fargo via email to request that Wells Fargo produce Ms. Hirzel Roesch for deposition within two weeks.

26.        On Thursday, March 11, 2010, counsel for Wells Fargo offered to produce Ms. Hirzel Roesch for deposition on April 7, 2010, more than a month after she was disclosed, and a scant twelve days before docket call on April 19, 2010.

27.        At 3:54 pm on Friday, March 12, 2010, Plaintiffs' counsel received a letter via email from Wells Fargo's counsel, which disclosed that Wells Fargo intended to use Ms. Hirzel Roesch's testimony to:

> … provide information related to post-petition pre and post confirmation fees incurred by the Debtors (e.g., late fees, inspection fees), attorney fees incurred by Wells Fargo, the reasonableness of the fees, whether such fees were charged correctly under the loan documents[1], that Freddie Mac owns the Note and has granted Wells Fargo the authority to service the Note and foreclose, if necessary, under the Deed of Trust; that Wells Fargo is the custodian of the Note and the Deed of Trust for the owner

---

[1] Ms. Savery already testified to these issues; any further testimony would be duplicative and/or cumulative.

Freddie Mac. Additionally Ms. Hirzel Roesch has detailed knowledge of the relationship between Wells Fargo and Freddie Mac.[2]

*Argument and Authorities*

**A. Wells Fargo's disclosure of a new witness for the first time, after 4:00pm on the last day of discovery, especially after the discovery deadline had already been moved six times in this case, is an abuse of the discovery process that warrants sanctions.**

28.     The court can impose sanctions against a party who does not disclose information required by FRCP 26(a) or (e), unless the violation was substantially justified or is harmless.  *See* FRCP 37(c)(1); *Ortiz-Lopez v. Sociedad Espanola*, 248 F.3d 29, 32 (1st Cir. 2001); *see, e.g.*, *Wade v. Soo Line R.R.*, 500 F.3d 559, 564 (7th Cir. 2007)(dismissal and attorneys fees appropriate when plaintiff deliberately concealed evidence).  When deciding whether the refusal to disclose was harmless, the court should consider the following: (1) the prejudice or surprise to the opposing party, (2) the opposing party's ability to cure that prejudice, (3) the extent to which the introduction of the undisclosed evidence would disrupt the trial, and (4) the bad faith or willfulness of the party seeking to introduce the evidence. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

29.     All of the proposed subjects of Ms. Hirzel Roesch's testimony were subjects that were identified in the Deposition notice Plaintiffs served on Wells Fargo last summer, and Ms. Savery testified about all of these issues at her deposition on July 15, 2009.

30.     Indeed, thus far in the case, Wells Fargo has staked both of its Summary Judgment motions on Ms. Savery's testimony, including her deposition testimony and multiple affidavits executed by Ms. Savery.

31.     Nevertheless, after nearly two years of contentious litigation, apparently Wells Fargo

---

[2] All issues relating to the relationship between Wells Fargo and Freddie Mac have already been resolved in

is no longer willing to rely on Ms. Savery, the only witness Wells Fargo elected to produce for

deposition prior to the expiration of the discovery deadlines in this case.

32.        Even more astonishing and inappropriate is Wells Fargo's renewed attempt to

supplement testimony on issues that have already been decided by the Court in connection with

its Order on Plaintiffs' Motion for Partial Summary Judgment, entered on December 23, 2009.

33.        Any way you look at it, this is offensive, disingenuous litigation practice and blatant,

willful discovery abuse. Wells Fargo is attempting to throw yet another moving target out there

in an effort to further delay this case by once again changing the evidence supporting its

contentions.  Plaintiffs therefore reject Wells Fargo's proposed April 7, 2010 date for Ms. Hirzel

Roesch's deposition.

### B.    <u>The Court should bar Wells Fargo's witness from testifying at trial as a sanction for its failure to timely disclose the witness.</u>

34.        If a party does not make a timely disclosure required by FRCP 26(a) or (e), the court

may order that the party cannot use the undisclosed information or witness on a motion, at a

hearing, or at trial.  FRCP 37(c)(1); *see* FRCP 37(b)(2)(A)(iii)(court can prohibit party from

supporting or opposing claims or defenses); *Kotes v. Super Fresh Food Mkts., Inc.*, 157 F.R.D.

18, 19 (E.D. Pa. 1994)(undisclosed witness should be excluded unless nondisclosure is

substantially justified or harmless or evidence is offered solely for impeachment).  S*ee, e.g.*,

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999)(expert witnesses properly

excluded for failure to designate: "Under Federal Rule of Civil Procedure 37(c)(1), 'A party that

without substantial justification fails to disclose information required by Rule 26(a) … or

26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a

---

connection with this court's Order on Plaintiffs' Motion for Partial Summary Judgment.

hearing, or on a motion any witness or information not so disclosed.' *See also Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996) (providing four-part test, based on Rule 37, for reviewing exclusion of expert witnesses). Appellants provided no explanation for their actions."); *A.J. v. Kierst*, 56 F.3d 849, 860 (8th Cir. 1995)(undesignated expert could not testify about report); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 104-05 (D.N.J. 2006)(Plaintiffs' motion to strike evidence granted when Defendants did not notify Plaintiffs of plan to rely on documents not produced in discovery, but instead produced documents when impact would be most severe).

35.        In deciding whether to exclude a witness who was not properly disclosed, the court should consider (1) the explanation for not identifying the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure the prejudice. *See, e.g.*, *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004).

36.        Wells Fargo has offered no explanation for its failure to previously disclose Ms. Hirzel Roesch.  According to Wells Fargo, the testimony of Ms. Hirzel Roesch would essentially address the same issues addressed by Ms. Savery's testimony, so it is unclear how Ms. Hirzel Roesch's testimony would be "important".  The potential prejudice of allowing Ms. Hirzel Roesch to testify is obvious: it would add additional time and expense to this already protracted litigation, and it would, presumably, be used to override or counteract the testimony of the witness Wells Fargo has already produced as its corporate representative on these topics.  No continuance of the proceedings in this case would "cure" any prejudice of Wells Fargo's offering of contrary testimony from this new witness.  Accordingly, given the history of this case, it is both appropriate and necessary that Ms. Hirzel Roesch be excluded as a witness in this case.  In

the alternative only, if the court should deem it appropriate to allow Ms. Hirzel Roesch to testify despite Wells Fargo's failure to name her until the day of the 6th amended discovery deadline, Plaintiffs request that the Court enter an Order on this motion (a) requiring Wells Fargo to produce Ms. Hirzel Roesch for deposition within five business days of such order, and (b) that Wells Fargo be required to bear all of Plaintiffs' attorneys' fees and costs associated with Ms. Hirzel Roesch's deposition.

WHEREFORE, premises considered, Plaintiffs pray that the Court will grant this Motion, exclude Ms. Hirzel Roesch from testifying as a witness in this case, award Plaintiffs' attorneys fees and costs associated with bringing this Motion and for all such other and further relief as the Court deems just.

Respectfully submitted,

ARMSTRONG KELLETT BARTHOLOW P.C.

/s/Theodore O. Bartholow, III ("Thad")
Theodore O. Bartholow, III ("Thad")
TX Bar No. 24062602
11300 N. Central Expwy. Suite 301
Dallas, Texas 75243
Tel. 214.696.9000 Fax 214.696.9000
thad@akbpc.com

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, I conferred via telephone and email with Mark C. Alfieri, attorney for Defendant, regarding the subject matter of this Motion. We were unable to resolve the issues presented herein by agreement, and Mr. Afieri has indicated that Defendant is opposed to the relief requested in this Motion.

/s/ Theodore O. Bartholow, III ("Thad")
Theodore O. Bartholow, III ("Thad")

<u>**CERTIFICATE OF SERVICE**</u>

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure on March 15, 2009, on the person/entities identified below:


**PLAINTIFFS:**
Fred Guevara III
Herlinda Guevara
6301 Bramble Creek Court
Arlington, Texas 76001


**PARTIES IN INTEREST:**
Mr. Mark C. Alfieri
Hermes Sargent Bates, LLP
901 West Main Street
Suite 5200
Dallas, Texas 75202

/s/Theodore O. Bartholow, III ("Thad")
Theodore O. Bartholow, III ("Thad")
TX Bar No. 24062602
ARMSTRONG KELLETT BARTHOLOW P.C.
11300 N. Central Expwy. Suite 301
Dallas, Texas 75243
Tel. 214.696.9000 Fax 214.696.9001
thad@akbpc.com