Andrew Soule (TSB 00797474)
Thad Spalding (TSB 00791708)
Mark Alfieri (TSB 24001637)
Hermes Sargent Bates, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 facsimile

ATTORNEYS FOR WELLS FARGO BANK, N. A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 13 |
| | § | |
| FREDERICO GUEVARA, III | § | Case No. 07-32604 |
| And | § | |
| HERELINDA GUEVARA | § | |
| | § | |
| DEBTORS. | § | |

| | | |
|---|---|---|
| FREDERICO GUEVARA, III. | § | |
| And | § | |
| HERELINDA GUEVARA | § | |
| | § | ADV. NO. 08-03191 |
| PLAINTIFFS | § | |
| | § | |
| WELLS FARGO BANK, N.A., SUCCESSOR BY | § | |
| MERGER TO WELLS FARGO HOME MORTGAGE, | § | |
| INC. ITS ASSIGNS AND/OR SUCCESSORS IN | § | |
| INTEREST | § | |
| DEFENDANT. | § | |

## WELLS FARGO'S MOTION TO STRIKE PLAINTIFFS' WITNESS AND EXHIBIT LIST IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE WITNESS, MOTION IN LIMINE, OR ALTERNATIVELY, MOTION TO COMPEL EXPEDITED DEPOSITION

**Comes Now**, Wells Fargo Bank, N. A. successor by merger to Wells Fargo Home

Mortgage, Inc., its assigns and/or successors in interest ("Defendant"), and files this motion to

strike (the "Motion to Strike") Plaintiffs' Witness and Exhibit List in Support of Plaintiffs' Motion to Exclude Witness, Motion in Limine, or in the Alternative, Compel Expedited Deposition and respectfully shows the following:

## I. BACKGROUND

1. On March 15, 2010, Plaintiffs filed their Motion to Exclude Witness, Motion in Limine, or in the Alternative, Compel Expedited Deposition (the "Motion to Exclude")

2. Plaintiffs immediately requested an expedited hearing and, on March 16, 2010, one was set on the Motion to Exclude for March 19, 2010 at 9:00 a.m. Plaintiffs did not request, and the Court did not designate, the hearing as an evidentiary one.

3. On March 17, Wells Fargo filed its Response to the Motion to Exclude.

4. That same day, Plaintiffs' filed a Witness and Exhibit List in Support of Plaintiffs' Motion to Exclude (the "Witness and Exhibit List") identifying the undersigned counsel for Wells Fargo as their sole witness at the hearing. The undersigned has never been subpoenaed or otherwise notified of Plaintiffs' counsel's desire to use him as a witness at the March 19th hearing, nor has any indication been given as to the possible substance of the undersigned's testimony. In any event, because tomorrow's hearing is not evidentiary, because Plaintiffs' counsel failed to give Wells Fargo adequate notice of its designated witness and exhibits, and because Plaintiff is simply not authorized to examine the opposing party's lawyer at Friday's hearing, Wells Fargo moves to strike the Plaintiffs' Witness and Exhibit List.

## II. PLAINTIFFS' WITNESS AND EXHIBIT LIST SHOULD BE STRICKEN

A. <u>Legal Authorities</u>.

7. Fed. R. Bankr. P. 9014 addresses contested matters. Contested matter proceedings are generally designed for the adjudication of simple issues, often on an expedited bases. *The*

*Matter of Zale Corp.*, 62 F.3d 746, 763 (5th Cir. 1995). Contested matters are those issues for which Rule 7001 does not require an adversary proceeding. *Id*. at n. 49.

8. Fed. R. Bank. P. 9014(e) provides that "the court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify." As the Advisory Committee Notes to Rule 9014 state in the 2002 Amendments to the Rule, "the purpose of the final sentence of Rule 9014(e) is to provide a mechanism that will enable attorneys to know at a reasonable time before a scheduled hearing whether it will be necessary for witnesses to appear in court that particular date."

9. Towards that end, Local Bankruptcy Rule 9014.1(c)(2) provides that in any evidentiary hearing all counsel shall certify before the presentation of evidence that "all exhibits (except those used solely for impeachment), lists of witnesses (it is presumed that the debtor(s) will testify, and appraisals (if applicable) have been exchanged at least 3 business days in advance of the hearing date."

10. Finally, Fed. Rule Bankr. P. 9016 incorporates Fed. R. Civ. P. 45. Rule 45 provides that for attendance at a hearing or trial, a subpoena must be issued from the court for the district where the hearing or trial is to be held. *See* Fed. R. Civ. P. 45(a)(2)(A).

B. <u>Plaintiffs' Witness and Exhibit List Should be Stricken</u>

11. Plaintiffs' Witness and Exhibit List is objectionable on several levels and should be stricken. First, the Plaintiffs have not requested and the Court has not designated the March 19th hearing on Plaintiffs' Motion to Exclude as an evidentiary one. *See* Fed. R. Bank. P. 9014(e). No procedures have been put in place by this Court to enable parties to ascertain at a reasonable time before the hearing whether the hearing will be an evidentiary hearing at which

witnesses may testify. *Id.* As a consequence, the March 19th hearing on Plaintiffs' Motion to Exclude is not evidentiary and Plaintiffs' Witness and Exhibit List should be stricken.

12. Further, to the extent tomorrow's hearing is evidentiary (which it is not), Plaintiffs failed to comply with Local Bankruptcy Rule 9014(c)(2) in serving the Witness and Exhibit List. Plaintiffs' filed and served their list at 4:29 p.m., on March 17, 2009, less than 48 hours before the scheduled hearing. The local rules require an exchange of three (3) business days in advance of the hearing. Plaintiffs failed to comply with the local rules with respect to exchanging their Witness and Exhibit List. As a consequence, Plaintiffs' Witness and Exhibit List should be stricken.

13. Finally, Plaintiffs have inexplicably listed Mr. Alfieri as a witness on their Witness and Exhibit List. Mr. Alfieri was not subpoenaed to testify at the March 19th hearing. *See* Fed. R. Civ. P. 45(a)(2)(A). Notwithstanding the fact that Plaintiffs are not entitled to subpoena opposing counsel at a hearing in a pending legal matter,[1] and assuming the subject hearing is evidentiary which it is not, Plaintiffs failed to take the *de minimis* procedural steps necessary to secure a witness. As a consequence, Plaintiffs' Witness and Exhibit List should be stricken.

WHEREFORE PREMISES CONSIDERED, Wells Fargo requests that the Court (i) strike Plaintiffs' Witness and Exhibit List, and grant all such other and further relief to which Wells Fargo is entitled.

---

[1] Seeking testimony from opposing counsel is disfavored and recognized as disrupting the adversarial nature of our judicial system. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). Thus, subpoenaing opposing counsel is only permitted where: (1) there are no other means to obtain the information other than from opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Nguyen v. Excel Corp.,* 197 F.3d 200, 208 (5th Cir. 1999); *Shelton,* 805 F.2d at 1327. Plaintiffs have not, and simply cannot, meet such a high burden here. Accordingly, their effort to call the undersigned as a witness is not warranted.

Respectfully submitted,

By: /s/ Mark C. Alfieri
ANDREW N. SOULE
State Bar No. 00797474
THAD SPALDING
State Bar No. 00791708
MARK C. ALFIERI
State Bar No. 24001637

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of March 2010, the foregoing was served via ECF on all parties receiving notice thereby.

/Mark C. Alfieri/
MARK C. ALFIERI

## CERTIFICATE OF CONFERENCE

On March 18, 2010, counsel for Wells Fargo and counsel for Plaintiff conferred on the relief requested herein and were unable to reach an agreement. As a consequence, these issues are now presented to this Court for determination.

/Mark C. Alfieri/
**MARK C. ALFIERI**