Andrew Soule (TSB 00797474)
Thad Spalding (TSB 00791708)
Mark Alfieri (TSB 24001637)
Kim Moore (TSB 24039231
Hermes Sargent Bates, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 facsimile

ATTORNEYS FOR WELLS FARGO BANK, N. A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 13 |
| | § | |
| FREDERICO GUEVARA, III | § | Case No. 07-32604 |
| And | § | |
| HERELINDA GUEVARA | § | |
| | § | |
| DEBTORS. | § | |

| | | |
|---|---|---|
| FREDERICO GUEVARA, III. | § | |
| And | § | |
| HERELINDA GUEVARA | § | |
| | § | ADV. NO. 08-03191 |
| PLAINTIFFS | § | |
| | § | |
| WELLS FARGO BANK, N.A., SUCCESSOR BY | § | **Hearing Date: June 1, 2010** |
| MERGER TO WELLS FARGO HOME MORTGAGE, | § | **Hearing Time: 11:00 a.m.** |
| INC. ITS ASSIGNS AND/OR SUCCESSORS IN | § | |
| INTEREST | § | |
| DEFENDANT. | § | |

## WELLS FARGO'S MOTION TO STRIKE CERTAIN WITNESSES FROM PLAINTIFFS' TRIAL WITNESS AND EXHIBIT LIST

**Comes Now**, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., its assigns and/or successors in interest ("Defendant"), and files this motion to

strike (the "Motion to Strike") Certain Witnesses from Plaintiffs' Trial Witness and Exhibit List and respectfully shows the following:

## I. BACKGROUND

1. On or about April 5, 2010, Plaintiffs' filed their Trial Witness and Exhibit List (the "Witness and Exhibit List")

2. Among the Witnesses identified by Plaintiffs are Mark C. Alfieri and Abbey Ulsh. Alfieri is representing Wells Fargo in this matter, and Abbey Ulsh, is an attorney at Barrett Daffin Frappier Turner & Engel, L.L.P. who represented Wells Fargo in the underlying bankruptcy case.

## II. MR. ALFIERI AND MS. ULSH SHOULD BE STRICKEN FROM THE WITNESS AND EXHIBIT LIST

3. Wells Fargo objects to Plaintiffs' naming of Alfieri and Ulsh as fact witnesses and request that the Court strike both from Plaintiffs' Witness List and disallow Plaintiffs from calling either to the witness stand at trial.

### A. Legal Authority

4. Depositions of opposing counsel (or calling opposing counsel as a fact witness) are discouraged, as they disrupt the adversarial process and lower the standards of the profession. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986) (citing *Hickman v. Taylor,* 329 U.S. 495, 513, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). As a general rule, a party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources. *United States v. Crocket*, 506 F.2d 759, 760-61 (5th Cir. 1975); *United States v. Fiorillo*, 376 F.2d 180, 185 (2d Cir. 1967); *Gajewski v. United States*, 321 F.2d 261, 268-69, n. 9 (8th Cir. 1963), *cert denied*, 375 U.S. 968 (1964); *see also United States v. Alu*, 246 F.2d 29, 33 (2d Cir. 1957); *United States v. Wallace*, No. 4:00-CV-221-TSL-LRA, 2009 WL

57095 *1 (S.D.Miss. Jan. 7, 2009). The Fifth Circuit follows a three-part test, allowing opposing counsel to testify only when (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Nguyen v. Excel Corp.,* 197 F.3d 200, 209 (5th Cir.1999).

5. Further, with very few exceptions, Texas law does not permit parties to call their opposing counsel to testify as a witness unless it first determines there is a compelling need for counsel's testimony. *Garrett v. State*, No. 14-08-00413-CR, 2009 WL 2365621 *2 (Tex.App.--Houston [14th Dist.] Aug. 4, 2009, no pet.) (mem. op.) (citing *Flores v. State*, 155 S.W.3d 144, 148 (Tex. Crim. App. 2004)). Following a similar standard set out by the Fifth Circuit, it must be shown that (i) there is no feasible alternative for obtaining and presenting the information to the jury except through opposing counsel's testimony, and (ii) the testimony is essential, not merely relevant, to the case. *Flores v. State*, 155 S.W.3d at 148.

6. While Plaintiffs have listed Mr. Alfieri and Ms Ulsh as witness for trial, Plaintiffs have not satisfied the predicate elements necessary to obtain such testimony. Plaintiffs have not disclosed what information Mr. Alfieri or Ms. Ulsh may have that render their trial testimony critical to this case. Plaintiffs have not shown (i) there is no feasible alternative for obtaining and presenting the information except through opposing counsel's testimony, and (ii) the testimony is essential, and (iii) relevant to the case. *Nguyen v. Excel Corp.,* 197 F.3d at 209; *Flores v. State*, 155 S.W.3d at 148. Therefore, Wells Fargo respectfully request that Alfieri and Ulsh should be stricken from Plaintiffs' Trial Witness and Exhibit List.

7. Plaintiffs' inclusion of Mr. Alfieri and Ms. Ulsh as witnesses is harassing, disruptive to the adversarial process, and lowers the standards of the legal profession and should not be allowed by this court.

WHEREFORE PREMISES CONSIDERED, Wells Fargo requests that the Court (i) strike Mr. Alfieri and Ms. Ulsh from Plaintiffs' Trial Witness and Exhibit List, and grant all such other and further relief to which Wells Fargo is entitled.

Respectfully submitted,

By: /s/ Mark C. Alfieri
ANDREW N. SOULE
State Bar No. 00797474
THAD SPALDING
State Bar No. 00791708
MARK C. ALFIERI
State Bar No. 24001637
KIM MOORE
State Bar No. 24039024

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of May 2010, the foregoing was served via ECF on all parties receiving notice thereby.

/Mark C. Alfieri/
MARK C. ALFIERI