U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed October 12, 2010**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREDERICO GUEVARA, III and | § | Case No. 07-32604-HDH-13 |
| HERELINDA GUEVARA , | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| FREDERICO GUEVARA, III and | § | |
| HERELINDA GUEVARA , | § | |
| | § | |
| Plaintiffs. | § | |
| v. | § | Adversary No. 08-03191 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This adversary proceeding was filed by the Plaintiffs on July 2, 2008, seeking damages for improper charges of fees and escrow amounts, to determine the extent of Defendant's lien, and for other related causes of action under the Fair Debt Collection Practices Act, the Deceptive Trade

Findings of Fact and Conclusions of Law  Page 1

Practices Act, and the Texas Debt Collection Act. These causes of action were joined with an objection to the claim filed by Defendant in the main bankruptcy case.

As stated in the joint pretrial order, after this Court's orders on the parties' summary judgment motions filed previously in this case, and pursuant to the stipulations of the parties, many of the claims asserted in Plaintiffs' original Complaint have now been disposed of. Specifically, the Court granted partial summary judgment in favor of Plaintiffs with regard to their objection to Wells Fargo's claim. The Court also (in connection with a subsequent motion for summary judgment) granted Wells Fargo partial summary judgment, dismissing Plaintiffs claims for violations of the Deceptive Trade Practices Act, the Federal Fair Debt Collection Practices Act and the Texas Debt Collection Act.

*Remaining Issues*

Based on these rulings, the issues remaining to be tried in the Plaintiff's Complaint are : (1) whether, post-petition, Wells Fargo charged Plaintiffs' account for attorneys' fees, late charges and inspection fees in violation of Bankruptcy Code section 506(b) and Rule 2016, and if so, whether this also violated the automatic stay; (2) whether Wells Fargo made improper post-petition demands for payment in violation of the automatic stay, and if so, was this conduct wilful and malicious; (3) whether the Court should sanction Wells Fargo or provide other remedies in light of Wells Fargo's conduct in this case either through the Court's inherent powers or 11 U.S.C. §105(a); and (4) Whether Wells Fargo's lien is void by virtue of its proof of claim being disallowed.

*Jurisdiction, Findings and Conclusions*

The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. The Court held a trial on this proceeding on June 28-29, and July 6, 2010, and now makes the following findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052:

**Findings of Fact:**

1. On March 1, 2001, Plaintiffs entered into a fixed rate mortgage note (the "Note") and Deed of Trust with Lone Star Realty Investments ("Lone Star").

2. Plaintiffs eventually fell behind on their mortgage payments, and Wells Fargo posted their property for foreclosure in June of 2007.

3. On June 4, 2007, Plaintiffs filed their chapter 13 voluntary petition, staying the foreclosure of their homestead.

4. Plaintiffs scheduled "Wells Fargo" as the creditor on their mortgage loan, with a scheduled pre-petition arrearage claim of $10,000.

5. On June 25, 2007, Wells Fargo filed a "secured" Proof of Claim in Plaintiffs' Bankruptcy Case in the total amount of $155,036.97, which included a pre-petition arrearage claim of $18,595.19. Wells Fargo attached a copy of a Deed of Trust to the Proof of Claim, but did not attach a copy of the Note allegedly secured by the Deed of Trust.

6. On August 22, 2007, Wells Fargo filed an Objection to Confirmation of Plaintiffs' Chapter 13 Plan.

7. Counsel for Wells Fargo and counsel for Plaintiffs agreed to resolve the issues presented in the Objection to Confirmation in connection with the Trustee's Recommendation Concerning Claims ("TRCC") process.

8. In its summary judgment ruling, the Court previously sustained Plaintiffs' objection to the proof of claim of Wells Fargo, and it has been disallowed. That ruling has been affirmed by the district court. The pre-petition fees and charges that were submitted by Wells Fargo in connection with that claim have also been disallowed.

9. Post-petition, Wells Fargo assessed, but did not charge or seek payment from the Plaintiffs or their account, additional attorneys fees and charges of approximately $250.00. The testimony by Wells Fargo's representative at trial revealed that Wells Fargo accounted for these amounts during the bankruptcy, but would not charge Plaintiffs for these fees unless the case was dismissed.

10. The information available to the Plaintiffs from Wells Fargo branch banks reflected the full amount of these fees and charges. Payments made by Plaintiffs at the branch banks were occasionally credited to their mortgage on the following day, causing a late payment to be assessed. These late charges were later reversed by Wells Fargo in its records, and not charged to the Plaintiffs.

11. The evidence presented shows that the assessed, but not collected fees and charges were instituted in accordance with the mortgage loan and deed of trust signed by the Plaintiffs. These assessments were also reflected in notices sent to Plaintiffs, which stated that they were not bills and that Wells Fargo was not seeking payment on these amounts.

## Conclusions of Law

1. There is a split among the courts as to whether the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure require a lender to provide the debtor or the bankruptcy court with notice of post-petition, pre-discharge fees and expenses and whether such fees and expenses must be approved by the bankruptcy court prior to collection. *Compare Padilla v. Wells Fargo Home Mortgage, Inc.*, 379 B.R. 643 (Bankr. S.D. Tex. 2007), *with Padilla v. GMAC Mortgage Corp.*, 389 B.R. 409 (Bankr. E.D. Pa. 2008).

2. The Fifth Circuit has not yet considered this issue. *See In re Wilborn,* 609 F.3d 748, 756 (5th Cir. 2010). However, as discussed further, this court need not address it in making its decision in this case.

3. Section 506(b) of the Bankruptcy Code authorizes over-secured creditors to recover interest and reasonable fees and expenses that accrue between the petition date and plan confirmation. *Padilla v. Wells Fargo Home Mortgage, Inc.* 379 B.R. at 654-656; 11 U.S.C. § 506(b). This provision does not apply to the present facts for two reasons–Wells Fargo's claim has been disallowed in this case, so no fees or expenses could be sought from payments made under the confirmed plan in this case, and the evidence shows that the fees and charges were never sought to be recovered from the Plaintiffs.

4. The Plaintiffs' claims under Rule 2016 fail for similar reasons. Even if creditors are required to file a Rule 2016(a) application before seeking compensation for reimbursable expenses incurred post-petition but prior to a plan's confirmation, *See Jones v. Wells Fargo Home Mortgage,* 366 B.R. 584, 594-95 (Bankr. E.D. La. 2007), such a statement is not required

based on the facts as presented at trial in this case, because Wells Fargo has yet to seek reimbursement.

5. Plaintiffs assert that Wells Fargo caused improper demands for payment to be sent to the debtors, and misstated amounts owed at their branch offices, constituting a violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(3).

6. Section 362(a)(3) prohibits acts to obtain possession or exercise control over property of the bankruptcy estate. "The mere posting of a charge or sending a default notice, without more, is not 'an act to obtain possession.'" *Cano v. GMAC Mortgage Corp. (In re Cano)*, 410 B.R. 506, 525 (Bankr..S.D. Tex.2009) (quoting *Mann v. Chase Manhattan Mortgage Corp.*, 316 F.3d 1, 3 (1st Cir. 2003).

7. Post-petition bookkeeping entries that do not resulted in charges collected from Plaintiffs, also do not constitute stay violations. *See Fitch v. Wells Fargo Bank, N.A.,* 423 B.R. 630, 643 (E.D. La. 2010) *(citing Mann v. Chase Manhattan Mortgage Corp.*, 316 F.3d 1, 3 (1st Cir. 2003); *In re Padilla*, 379 B.R. 643, 664 (Bankr. S.D. Tex. 2007)).

8. A Chapter 13 debtor may only assert the trustee's avoiding powers in order to preserve exemptions, and the debtor's avoiding capacity is limited to liens that were not voluntarily granted by the debtor. *See In re Eads*, 417 B.R. 728, 746 (Bankr. E.D. Tex. 2009). Thus, the Plaintiffs' lien avoidance claims must be denied.

9. Based on this record, the Plaintiffs' claims for sanctions or other relief from the Court pursuant to 11 U.S.C. § 105(a), must also be denied. Much of the problems that developed over the course of the case and this adversary proceeding with Wells Fargo's ability to deliver

records resulted in the Court sustaining the Debtors' objection to its claim filed in the underlying bankruptcy case.

10. Neither party is entitled to recovery of attorneys fees.

11. It is not clear from the record made at trial if the disallowance of Wells Fargo's proof of claim has resulted in its disgorgement of the funds it has received from the Chapter 13 Trustee on account of its pre-petition claim. All funds that have been paid to Wells Fargo on account of this claim should be returned to the Debtors within 14 days from the date of entry of the judgment.

12. Any finding of fact which is more properly deemed to be a conclusion of law is to be considered a conclusion of law, and any conclusion of law which is more properly deemed to be a finding of fact is to be considered a finding of fact.

13. Counsel for Wells Fargo should prepare a judgment consistent with these findings and conclusions, and submit it within fourteen days.

###End of Findings and Conclusions###